IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>GILL MOORE, NEW WEST PETROLEUM,<br><br>            Defendants.<br>_____/ | No.  CIV.S-03-0672 FCD DAD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       This matter is before the court on defendant New West Stations, Inc.'s motion to dismiss plaintiff's amended complaint. Spencer T. Malysiak appeared on behalf of defendant New West Stations, Inc. at the hearing on the motion.  Plaintiff Carlotta Smith, proceeding pro se, appeared on her own behalf.  Having considered all written materials submitted in connection with the motion, and after hearing oral argument, the court will recommend that defendant's motion be denied.

/////

/////

1

**BACKGROUND**

Plaintiff initiated this employment discrimination action under Title VII by filing her complaint on October 1, 2002.  The named defendants in the complaint were Gil Moore, who soon was dismissed from the action, and New West Petroleum.  New West Petroleum moved for summary judgment, asserting that plaintiff was never an employee of New West Petroleum and that plaintiff was employed by a separate business entity, New West Stations, Inc. Because plaintiff named the wrong defendant in her complaint, New West Petroleum argued that it was entitled to summary judgment.

The undersigned denied New West Petroleum's motion for summary judgment and granted plaintiff leave to file an amended complaint properly naming New West Stations, Inc. as the defendant in this action.  In that order the court detailed the somewhat confusing circumstances regarding the distinction between New West Stations, Inc. and New West Petroleum, finding that good cause existed for allowing plaintiff to file an amended complaint naming New West Stations, Inc. as the defendant.  It also was apparent that New West Stations, Inc. had been aware of the substance of plaintiff's claim and would not be prejudiced by being named as a defendant at that stage of the proceedings.

Soon after plaintiff filed her amended complaint, New West Stations, Inc. filed the instant motion to dismiss.  In its motion, New West Stations, Inc. essentially rehashes the argument advanced by New West Petroleum in its motion for summary judgment.  More specifically, New West Stations, Inc. now argues that plaintiff has

failed to exhaust her administrative remedies since the administrative complaint filed with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") named New West Petroleum, <u>not</u> New West Stations, Inc. (<u>See</u> Def.'s Request for Judicial Notice, Ex. A.)[1]  Plaintiff opposes defendant's motion.

## ANALYSIS

To bring a Title VII cause of action in a district court a plaintiff must first file an EEOC complaint against the allegedly discriminatory party. <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir. 1995); <u>Stache v. International Union of Bricklayers and Allied Craftsmen</u>, 852 F.2d 1231, 1233 (9th Cir. 1988).  "However, a plaintiff's failure to file an EEOC complaint does not bar her absolutely from filing a Title VII suit; exhaustion of administrative remedies is not jurisdictional but is merely a condition precedent to suit which a defendant may waive or be estopped from asserting." <u>Stache</u>, 852 F.2d at 1233.  <u>See</u> <u>also</u> <u>Vinieratos v. United States Department of Air Force</u>, 939 F.2d 762, 768 n.5 (9th Cir. 1991)("We do not recognize administrative exhaustion under Title VII as a *jurisdictional requirement* per se; we treat it as a legal question under the de novo standard because the issue is whether the plaintiff

---

[1] Judicial notice is properly taken of orders and decisions made by administrative agencies. <u>See</u> <u>Bryant v. Carleson</u>, 444 F.2d 353, 357 (9th Cir. 1971).  This includes the "records and reports of administrative bodies." <u>Interstate Natural Gas Co. v. Southern California Gas Co.</u>, 209 F.2d 380, 385 (9th Cir. 1953); <u>see</u> <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991).

has satisfied a *statutory precondition* to suit.")[2]  Further, "[t]he remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally." Stache, 852 F.2d at 1233 (citations omitted).  "When an employee brings suit for incidents not listed in his prior EEOC charge, a federal court may hear the new Title VII claims if they are 'like or reasonably related to the allegations of the EEOC charge.'" Id. at 1234 (citations omitted).

Here, it is not surprising that plaintiff mistakenly named New West Petroleum as her employer in her EEOC charge.  As previously observed by this court in connection with the earlier motion for summary judgment, the distinction between New West Stations, Inc. and New West Petroleum was far from clear.  New West Stations, Inc. and New West Petroleum share the same president and the same human resources manager.  At least one written employment communication from the president to plaintiff vaguely refers to plaintiff's employer as "New West."  The heading on plaintiff's most recent

---

[2] The undersigned rejects defendant's suggestion that this court lacks subject matter jurisdiction because plaintiff failed to present a claim to the EEOC.  This is not a case where the plaintiff failed to file any complaint at all such that the court might lack subject matter jurisdiction. See Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001)("In cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority, we have held that the district court does not have subject matter jurisdiction.").  As one district court has observed: "The exhaustion requirement consists of two elements: the jurisdictional non-waivable requirement of presentment of the claim ... (presentment); and (2) the waivable requirement of exhaustion of administrative remedies (exhaustion)." Macy v. Dalton, 853 F. Supp. 350, 356-57 (E.D. Cal. 1994)(internal quotations and citations omitted).  This case concerns the second element of the exhaustion requirement.

4

earning statement vaguely refers to "New West Companies" as her employer, with the names "New West Petroleum," "New West Stations, Inc.," "New West Fast Foods, Inc.," and "New West Petroleum, LLC" listed in a subheading.  Still other employment correspondence to plaintiff was on New West Petroleum letterhead.  (See Order filed February 28, 2005, at 2-4.)[3]  In light of these circumstances and the remedial nature of Title VII, the court finds that a liberal construction of plaintiff's EEOC charge encompasses New West Stations, Inc.  See Kaplan v. Int'l Alliance of Theatrical & Stage Employees, 525 F.2d 1354, 1359 (9th Cir. 1975) ("The EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."), abrogated on other grounds by Laughon v. Int'l Alliance of Theatrical Stage Employees, 248 F.3d 931 (9th Cir. 2001); see also Love v. Pullman Co., 404 U.S. 522, 527 (1972) ("technicalities are particularly inappropriate in a statutory scheme [such as Title VII] in which laymen, unassisted by trained lawyers, initiate the process"); Wangler v. Hawaiian Elec. Co., Inc., 742 F. Supp. 1458, 1461-62 (D. Hawaii 1990)(listing Ninth Circuit decisions in which administrative charges were liberally construed and actions permitted against unnamed parties).

/////

---

[3] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of its own files and other court records.  See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1        Further, as observed in the order granting plaintiff leave
2 to file an amended complaint, New West Stations, Inc. long has been
3 aware of plaintiff's claim.  In the administrative document headed
4 "Response to A Complaint of Discrimination," the human resources
5 manager for both entities responded to the complaint filed by
6 plaintiff on behalf of New West Stations, Inc., the entity that
7 actually employed plaintiff, even though the charge mistakenly listed
8 New West Petroleum as the employer.  (See Decl. of Katherine S. Clark
9 in Supp. of Mot. for Summ. J. filed July 26, 2004, Ex. C.)  Any
10 suggestion that New West Stations, Inc. did not have sufficient
11 notice of plaintiff's claim would be disingenuous.
12        For all of these reasons, defendant's motion to dismiss
13 must be denied.

**CONCLUSION**

15        For the reasons set forth above, IT IS HEREBY RECOMMENDED
16 that defendant's motion to dismiss for failure to exhaust
17 administrative remedies be denied.
18        These findings and recommendations are submitted to the
19 United States District Judge assigned to the case, pursuant to the
20 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
21 being served with these findings and recommendations, any party may
22 file written objections with the court and serve a copy on all
23 parties.  Such a document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendations."  The parties are
25 advised that failure to file objections within the specified time may
26 /////

waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2005.

```
                              /s/ Dale A. Drozd
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:th
ddad1\orders.prose\smith0672.f&r.mtd